985 F.2d 560
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cherokee MARCILIS, Plaintiff-Appellant.
v.
Terry BERTUCCI and Timothy Bott, Defendants-Appellees.
 No. 92-1176.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1993.
 
 Before MERRITT, Chief Judge, and RALPH B. GUY, JR., and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Cherokee Marcilis, appeals from the dismissal of his pro se prisoner civil rights action. Plaintiff alleged that the two defendant corrections officers retaliated against him for filing grievances by writing groundless misconduct tickets. They then, Marcilis alleges, compounded their wrongful actions by serving as hearing officers on the misconduct charges, although neither of them was authorized to act in that capacity under Michigan Department of Corrections regulations.
 
 
 2
 The district judge, without requiring an answer from the defendants, referred this matter to a magistrate judge who recommended dismissal. The magistrate judge reasoned that, if Marcilis had received a hearing complying with proper procedures, he could not be heard to complain about the results in a federal forum. If the hearing was not in accordance with established procedures but was the product of random and unauthorized acts by the defendants, then the case was subject to dismissal under Parratt v. Taylor, 451 U.S. 527 (1981).
 
 
 3
 Over the plaintiff's objections and without adding any additional analysis, the district court adopted the report and recommendation of the magistrate and dismissed this case as frivolous pursuant to 28 U.S.C. § 1915(d).
 
 
 4
 Upon review, we reverse and remand.
 
 I.
 
 5
 Although the vast number of prisoner petitions filed dictate that they be handled expeditiously, we do not believe that the complaint filed in this case was properly dismissed as frivolous. The decision of the Supreme Court in Neitzke v. Williams, 490 U.S. 319 (1989), informs our conclusion in this regard. In addressing dismissals for frivolousness under § 1915(d), the Court stated that "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. Importantly, however, the Court went on to state that, "[w]hen a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b) grounds is appropriate, but dismissal on the basis of frivolousness is not." Id. at 328.
 
 
 6
 Plaintiff's complaint alleges that in retaliation for the exercise of his right to file grievances, he was wrongfully retaliated against. Allegedly, the form of retaliation not only involved the filing of trumped-up misconduct charges but also their resolution in a kangaroo court held without authorization by the officers who wrote the misconduct violations. This certainly states a colorable legal claim, and, at this juncture, the factual predicates stand unrefuted since the defendants were never required to answer. This was not a case where the court "pierced the veil of the complaint's factual allegations."
 
 II.
 
 7
 In an effort to achieve judicial economy, one might be inclined to let a case of this nature slip by if convinced the magistrate's legal analysis of plaintiff's complaint was indisputably correct and thus on remand there was no possibility of plaintiff prevailing. Such is not the case here, however. Although we pass no formal judgment on the merits on the basis of this very limited record, we are not convinced the magistrate's reliance on Parratt was correct. The legal implications of plaintiff's complaint transcend the simple confiscation of the hobby kit involved in Parratt. Plaintiff's complaint has First Amendment ramifications as well as Fourteenth Amendment due process claims.
 
 
 8
 REVERSED and REMANDED.